# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ABRAHIM FATA, | : |
| Plaintiff, | : Case No. 2:24-cv-11030 (BRM)(MAH) |
| v. | : **MEMORANDUM AND ORDER** |
| ABIGAIL SHEEHAN, *et al.*, | : |
| Defendants. | : |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Abrahim Fata ("Plaintiff"), an individual currently confined at Lehigh County Jail in Allentown, Pennsylvania, upon the filing of an amended complaint and application to proceed *in forma pauperis* ("IFP"). (ECF No. 4.)[1]

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

---

[1] Plaintiff filed the initial complaint on December 9, 2024, but failed to submit the filing fee or an IFP application. On December 16, 2024, the Clerk's Office advised Plaintiff that his complaint would be deemed voluntarily withdrawn in 21 days if no fee or application was received. On December 31, 2024, Plaintiff filed an amended complaint and IFP application.

In this action, Plaintiff provided a certification from a Lead Accountant, presumably at the jail although not specified, indicating that Plaintiff has no trust fund account statement. However, 28 U.S.C. § 1915(a)(2) requires that Plaintiff submit, as part of his IFP application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff failed to do so, and therefore the Court cannot sufficiently review the application.

Accordingly, and for good cause appearing,

**IT IS** on this 15th day of January 2025;

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 4) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the Complaint or assessing a filing fee; and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank IFP application to be used by Plaintiff in any future application to proceed *in forma pauperis*; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, U.S. Courthouse, 50 Walnut St., Newark, NJ 07101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, accurate and signed *in forma pauperis* application, including a certified prison account statement for the six months immediately preceding the filing of the Complaint, which includes <u>all</u> columns of the statement, or (2) the $405 fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and

administrative fees, within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**