**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABRAHIM FATA,<br><br>                Plaintiff,<br><br>     v.<br><br>ABIGAIL SHEEHAN, *et al.*,<br><br>                Defendants. | Case No. 2:24-cv-11030 (BRM) (MAH)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Abrahim Fata's ("Plaintiff") fourth amended complaint ("Fourth Amended Complaint"), filed pursuant to 42 U.S.C. §§ 1983 and 1985 (ECF No. 9.)[1] Also before the Court is Plaintiff's applications to proceed *in forma pauperis* ("IFP") (ECF Nos. 11, 13) and motion to reopen his case (ECF No. 12). Having reviewed Plaintiff's applications to proceed IFP, including Plaintiff's affidavit of indigence, the applications to proceed IFP is **GRANTED**, and the motion to reopen is **GRANTED** for purposes of screening the Fourth Amended Complaint.

At this time, the Court must review the Fourth Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

---

[1] Based on Plaintiff's filings, it appears he has two other cases in this district: 24-9258(CCC)(AME) and 24-9351 (CCC)(MAH). (*See* ECF Nos. 12, 15 (referencing cases).)

1

I. **BACKGROUND**

The Court construes the allegations in the Amended Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Based on Plaintiff's notice of change of address, Plaintiff is located at the Allentown Rescue Mission Men's Shelter in Allentown, Pennsylvania. (ECF No. 15.) Plaintiff brings this civil rights action, pursuant to 42 U.S.C. §§ 1983 and 1985 against Abigail Sheehan, Carmen Sheehan, Neseree Fata, Britney Sheehan, Aslam Fata, Gabriel Reyes, Maya Alamo, and Crystal Salmond (collectively "Defendants"). (ECF No. 9 at 1.)

In the Fourth Amended Complaint, Plaintiff contends in 2022, Defendants began to corrupt Plaintiff's minor daughter ("A.F.") "morally and sexually." (*Id.* at 3.) The Amended Complaint alleges that A.F.'s behavior changed while living with defendant Carmen Sheehan, and defendant Britney Sheehan played a role as well. (*Id.*) Plaintiff contends the remaining defendants used neglect, money, and sex to turn A.F. against Plaintiff. Plaintiff does not allege he suffered any damages from the conduct of Defendants, yet Plaintiff seeks "25,000 dolars [sic] per defendant, and . . . [t]he defendants arrested and brought to justice." (*Id.* at 7.)

II. **LEGAL STANDARD**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua

sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DECISION

#### A. Plaintiff's Claims Lacking Civil Remedies

The Amended Complaint contends Defendants violated a plethora of federal statutes: 18 U.S.C. §§ 241, 242, 249, 287, 873, 1201, 1503, 1505, 1509, 1512, 1513, 1581, 1589, 1621, 1622, 1961, 2251, 2261, 2340,[2] 2422, and 2423. (ECF No. 9 at 5–7.) To the extent the Amended Complaint sets forth violations of federal *criminal* statutes, they generally provide no private right of action. *See Fleming v. Cape May Cnty.*, 475 F. App'x 811, 812 (3d Cir. 2012) ("Federal criminal statutes

---

[2] The Fourth Amended Complaint brings a claim against Defendants under 18 U.S.C. § 2340 which, on its face, precludes a private right of action. *See* 18 U.S.C. § 2340(B) ("Nothing in this chapter shall be construed as precluding the application of State or local laws on the same subject, nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding.").

3

do not, by their mere presence, grant a private right of action for use in civil suits."). To the extent that the Amended Complaint calls for "[t]he defendants arrested [sic] and brought to justice," such relief cannot be granted. *See Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.").

Only the alleged violations of 18 U.S.C. §§ 1509, 1581, 1589, 1961, 2251, 2261, 2422, and 2423 can support civil liability, and claims brought under 18 U.S.C. §§ 241, 242, 249, 287, 873, 1201, 1503, 1505, 1512, 1513, 1621, and 1622 do not. *See Campbell v. Twp. of N. Brunswick*, No. 24-1447, 2024 WL 4274349, at *2 (3d Cir. Sept. 24, 2024) (affirming district court finding 18 U.S.C. § 241 does not provide a private right of action); *Mikhail v. Khan*, 572 F. App'x 68, 73 (3d Cir. 2014) (affirming district court finding 18 U.S.C. § 242 does not create a private right of action); *Trombetti v. Borough*, Civ. A. No. 25-1362, 2025 WL 1644490, at *4 n.71 (finding 18 U.S.C. § 249 does not provide a private right of action); *Shivananjappa v. Bhayani*, Civ. A. No. 21-17005, WL 4988530, at *4 n.6 (D.N.J. Oct. 27, 2021) (finding 18 U.S.C. § 287 does not provide a civil remedy); *Barnett v. Servis One, Inc.*, Civ. A. No. 24-7845, 2024 WL 4392976, at *2 (D.N.J. Oct. 3, 2024) (finding 18 U.S.C. § 873 does not provide a private right of action); *Graham v. Rawley* ("*Graham I*"), Civ. A. No. 14-6743, 2015 WL 511196, at *3 (D.N.J. Feb. 6, 2015) (finding 18 U.S.C. § 1201 "do[es] not create a private cause of action"); *Wilson v. McKeesport Police Dep't*, 731 F. App'x 92, 93 (3d Cir. 2018) (affirming district court finding 18 U.S.C. § 1503 does not provide a private right of action); *Gage v. Wells Fargo Bank*, Civ. A. No. 12-777, 2013 WL 3443295, at *5 (D.N.J. July 9, 2013), *aff'd*, 555 F. App'x 148 (3d Cir. 2014) (finding 18 U.S.C. § 1505 does not "confer a private right of action"); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), *aff'd*, 350 F. App'x 605 (3d Cir. 2009) (finding 18 U.S.C. §§ 1512 and 1513 do not create a private right of action); *Graham v. Rawley* ("*Graham II*"), Civ. A. No. 14-6743, 2016 WL 7477756, at *4 n.3 (D.N.J. Dec. 29, 2016) (finding

18 U.S.C. § 1621 does not create a private right of action); *Johnson v. Koehler*, Civ. A. No. 14-1490, 2015 WL 1470948, at *21 (M.D. Pa. Mar. 31, 2015) (finding 18 U.S.C. § 1622 does not create a private right of action). Therefore, claims brought under 18 U.S.C. §§ 241, 242, 249, 287, 873, 1201, 1503, 1505, 1512, 1513, 1621, and 1622 fail to state a claim upon which relief can be granted. Because these claims are fatally deficient—lacking a private right of action—and cannot be cured by amendment, they are dismissed with prejudice.[3]

### B. Plaintiff's § 1983 Claims for Violations of 18 U.S.C. §§ 1509, 1581, and 1589

Turning to the Amended Complaint's remaining alleged violations of Title 18, violations of statutes that are mentioned in "passing" or merely referenced in the complaint without factual support are not sufficient to raise a claim. *Alexis v. Sessions*, Civ. A. No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). Further, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala*, 704 F.3d at 245 (citation omitted). The Court construes *pro se* Plaintiff's Amended Complaint liberally, recognizing claims brought pursuant to 42 U.S.C. § 1983. The Amended Complaint also alleges Defendants violated Plaintiff's rights ensured by the Fourteenth Amendment and caused harm by violating 18 U.S.C. §§ 1509, 1581, and 1589. (ECF No. 9 at 5–7.)

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides, in relevant part:

---

[3] While the Third Circuit has made it clear that district courts must afford *pro se* plaintiffs with greater latitude to amend their claims, a district court does not abuse it discretion nor violate the spirit of the Federal Rules of Civil Procedure when it dismisses a claim with prejudice because amendment "would be inequitable or futile." *Grayson v. Mayview State. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Courts in this District regularly dismiss with prejudice claims based on statutes providing no private right of action. *See, e.g.*, *Fogg v. Twp. of Montclair Dep't of Police*, Civ. A. No. 23-00809, 2025 WL 1378896, at *4 (D.N.J. May 13, 2025); *Grossberger v. Cormack*, Civ. A. No. 24-8182, 2025 WL 1193994, at *2–3 (D.N.J. Apr. 24, 2025); *Harden v. Absolute Home Mortg. Corp.*, Civ. A. No. 24-10402, 2024 WL 4906019, at *2 (D.N.J. Nov. 27, 2024).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, "the violation of a right secured by the Constitution and laws of the United States" and, second, "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful. . . .'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations omitted); *see Matrix Distribs., Inc. v. Nat'l Ass'n of Boards of Pharmacy*, 34 F.4th 190, 195 (3d Cir. 2022) (finding § 1983 to not be "a catch-all provision offering remedies for every violation of federal law"). However, "the deed of an ostensibly private organization or individual" may, at times, demand to be treated "as if a State had caused it to be performed." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

The Fourth Amended Complaint does not allege facts sufficient to allow this Court to find any of the defendants acted under color of state law within the meaning of § 1983 when interacting with A.F. or Plaintiff. There are simply no allegations that Defendants were "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244–45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216–17 (3d Cir. 2004). The Fourth Amended Complaint neglects even a cursory exploration of the identities and occupations of the defendants, leaving the

6

Court to conclude Defendants are family members or acquaintances of Plaintiff rather than state actors. Further, the Fourth Amended Complaint fails to differentiate claims among defendants, listing claims without regard, which is grounds for dismissal under Federal Rules of Civil Procedure 8(a). *See Galicki v. New Jersey*, Civ. A. No. 14-169, WL 3970297, at *3 (D.N.J. June 29, 2015) (dismissing claim where "[p]laintiffs simply lump[ed] all [d]efendants together, failing to put [d]efendants on notice of their own alleged wrongdoing"). Even if the Fourth Amended Complaint had differentiated between the defendants, Plaintiff fails to allege facts sufficient for the Court to plausibly infer any valid claim upon which relief can be granted. Therefore, Plaintiff's claims under § 1983[4] are dismissed without prejudice.

### C. Plaintiff's Remaining Federal Claims

The Fourth Amended Complaint brings an action under 18 U.S.C. § 1961, which the court construes as claim brought under 18 U.S.C. § 1964(c), which allows "[a]ny person injured in his business or property by reason of a violation of [§] 1962 of this chapter [to] sue therefor in any appropriate United States district court." 18 U.S.C. § 1964(c). The Fourth Amended Complaint fails to plausibly allege any violation of § 1962 and therefore Plaintiff's claim is dismissed without prejudice.

The Fourth Amended Complaint then raises claims under 18 U.S.C. §§ 2251, 2261, 2422, and 2423 which the court construes as being brought under 18 U.S.C. § 2255[5], which is "a vehicle

---

[4] The Court refers to Plaintiff's claims related to violations of the Fourteenth Amendment and 18 U.S.C. §§ 1509, 1581, and 1589.

[5] Plaintiff references multiple enumerated crimes covered by 18 U.S.C. § 2255, one of which the Court has already dismissed. *See* 18 U.S.C. § 1589 ("forced labor"); 18 U.S.C. § 2251 ("sexual exploitation of children. . . for the purpose of producing any visual depiction of such conduct. . . in or affecting interstate or foreign commerce"); 18 U.S.C. § 2422 ("coercion and enticement" "to travel in interstate or foreign commerce"); 18 U.S.C. § 2423 (transportation of minors "in interstate or foreign commerce" "with intent to engage in criminal sexual activity").

7

to provide civil remedies to those who were victims of one of fourteen enumerated federal crimes." *M.C. v. Harnad*, Civ. A. No. 21-19819, 2025 WL 1156637, at *9 (D.N.J. Apr. 21, 2025) (citing 18 U.S.C. § 2255). The Fourth Amended Complaint does not allege Plaintiff was a victim of any of the enumerated crimes giving rise to a private right of action under 18 U.S.C. § 2255. Plaintiff briefly describes A.F.'s experiences with Defendants but does not bring the Amended Complaint on A.F.'s behalf, nor does he allege enough facts to permit the Court to plausibly infer any of the criminal statutes were violated. Therefore, Plaintiff's claims under 18 U.S.C. §§ 2251, 2261, 2422, and 2423 are dismissed without prejudice for failure to state a claim.

Finally, a "plaintiff's claims under 42 U.S.C. §§ 1985(3) and 1986 depend on the success of [his] claim under [§] 1983." *Reynolds v. Atl. City Convention Ctr. Auth.*, Civ. A. No. 88-4232, 1990 WL 267417 (D.N.J. May 21, 1990), *aff'd*, 925 F.2d 419 (3d Cir. 1991); *see also Nanya-Nashut ex rel. Hand v. Centex Home Equity Corp.*, Civ. A. No. 03-3661, 2003 WL 22871667 at *2 (E.D. Pa. Dec. 2, 2003) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."). Because the Amended Complaint does not raise any meritorious § 1983 claims, Plaintiff's § 1985 claims are dismissed without prejudice.

### D. Supplemental Jurisdiction Over State Claims

Having "dismissed all claims over which [this Court] has original jurisdiction," 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining claims Plaintiff asserts against Defendants. *See Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 174 (3d Cir. 2009). Therefore, to the extent Plaintiff raises claims[6] for assault, battery, intentional infliction of

---

[6] The Amended Complaint raises the following state law claims: "(a) assault, battery, and willful misconduct (b) emotional and mental anguish/distress (c) liability and negligence (d) loss of wages / income stream (e) punitive / exemplary damages (f) the pursuit of happiness / loss of ability to enjoy the pleasures of life / parental alienation." (ECF No. 9 at 5.) The Court construes the claims as common law assault, battery, intentional infliction of emotional distress, and negligence.

emotional distress, and negligence, those claims are dismissed without prejudice for lack of jurisdiction.

### IV. CONCLUSION

For the reasons set forth above and for good cause having been shown, Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 11, 13) is **GRANTED**, the Fourth Amended Complaint will be marked **FILED**, and the motion to reopen is **GRANTED**. Plaintiff's claims brought under 18 U.S.C. §§ 241, 242, 249, 287, 873, 1201, 1503, 1505, 1512, 1513, 1621, and 1622 are **DISMISSED WITH PREJUDICE**, and the rest of Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED WITHOUT PREJUDICE**. The matter shall be marked **CLOSED.**

Date: December 31, 2025　　　　　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　HON. BRIAN R. MARTINOTTI
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE